IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST PARSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 15-325-SLR |
| | ) |
| PERRY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction**. Plaintiffs, inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. They proceed pro se and have paid the filing fee. This case was severed from Civ. No. 12-1120-SLR on April 22, 2015, and proceeds on counts 1 through 14 and 18 of original complaint (D.I. 3), plaintiffs having opted to stand on its allegations (D.I. 6). Before the court is defendants' motion to impose filing fees pursuant to the Prison Litigation Reform Act ("PLRA"), opposed by plaintiffs. (D.I. 11)

2. **Background**. Plaintiffs, who are Muslim, were among several inmates named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim, Catholic, and Jewish faiths. Defendants moved to sever the claims based upon the religion of plaintiffs, the court granted the motions, and this new civil action was opened. (*See* D.I. 1, 2) As noted, plaintiffs opted to stand on the allegations in the original complaint. On November 26, 2013, defendants filed an

answer to the complaint in Civ. No. 12-1120-SLR at D.I. 80. Defendants will be ordered to advise the court if they stand on that answer in this severed case.

3. **Motion to Impose Filing Fees.** On October 6, 2015, defendants filed a motion to require plaintiffs to pay filing fees pursuant to the PLRA. (D.I. 11) The court will deny the motion. To support their position, defendants argue that the filing fee in Civ. No. 12-1120-SLR was paid by an inmate who withdrew from the case and the case was never certified as a class action. The court is perplexed by defendants' current position given the background of this case and, most notably, that severance occurred upon the grant of defendants' motions to sever.

4. Defendants rely upon *Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009), in arguing that plaintiffs have not paid a filing fee or been placed on a payment plan pursuant to the PLRA. *Hagan* is applicable in cases where multiple prisoners seek to join as plaintiffs and do not prepay the filing fee. When this occurs, each plaintiff must submit a complete application to proceed in forma pauperis if he or she desires the complaint to be filed on his or her behalf. *See Hagan*, 570 F.3d at 154-55. Under those circumstances, if the court permits more than one prisoner to join as a plaintiff under Rule 20 and the in forma pauperis application is granted, the court is required to collect the full filing fee from each prisoner-plaintiff in subsequent partial payments. *See Hagan*, 570 F.3d at 155-56; 28 U.S.C. § 1915(b)(1). The distinction between *Hagan* and severed case Civ. No. 12-1120-SLR is that, while Civ. No. 12-1120-SLR was initiated by multiple plaintiffs, there was full prepayment of the filing fee, and plaintiffs have not sought leave to proceed in forma pauperis. *Hagan* does not stand

2

for the proposition that one civil rights case can never be brought by multiple prisoners who pay the filing fee. Were this the case, prisoners in a multi-plaintiff case represented by counsel would be required to prepay an individual filing fee for each plaintiff in the represented case.

5. In ruling upon, and granting, defendants' motions to sever, the court noted that the filing fee had been paid, directed this case be opened, and did not impose a second filing fee requirement upon plaintiffs. Because the filing fee was prepaid, plaintiffs do not proceed under the filing fee requirements of the PLRA.[1]

6. **Conclusion**. For the above reasons, the court will: (1) deny defendants' motion to impose filing fees pursuant to the PLRA (D.I. 11); and (2) require defendants to advise if they stand on their November 26, 2013 answer that was filed in Civ. No. 12-1120-SLR at D.I. 80. A separate order shall issue.

Dated: 11/4, 2015

UNITED STATES DISTRICT JUDGE

---

[1] The court is aware that § 1915(b)(1) requires that indigent prisoners filing civil actions pay the full amount of a filing fee. See Siluk v. Merwin, 783 F.3d 421, 425 (3d Cir. 2015). Without belaboring the point, plaintiffs did not seek a finding of indigence, and the filing fee in the severed case was not assessed under the requisites of § 1915(b)(1).

3