IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERNEST PARSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 15-325-SLR |
| ) | |
| PERRY PHELPS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

At Wilmington this _____ day of June, 2016, having reviewed defendants' motion to dismiss (D.I. 16), and the papers submitted in connection therewith, the court issues its decision based on the following analysis:

1. **Background.** Plaintiffs, inmates at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") against defendants.[1] They proceed pro se and have paid the filing fee. This case was severed from Civ. No. 12-1120-SLR on April 22, 2015, and proceeds on counts 1 through 14 and 18 of the original complaint (D.I. 3), plaintiffs having opted to stand on its allegations. (D.I. 6)

2. Plaintiffs, who are Muslim, were among several inmates named in Civ. No. 12-1120-SLR, a case that raised religious discrimination claims based upon Muslim,

---

[1] Perry Phelps ("Phelps"), Warden; David Pierce ("Pierce"), Deputy Warden; James Scarborough, Deputy Warden; Michael Knight ("Knight"), Food Administrator; Christopher Senato ("Senato"), Food Director; Jim Corroathers, Major; Joseph Simmons ("Simmons"), Lieutenant; and Frank Pennell ("Pennell"), Chaplain.

Catholic, and Jewish faiths. Defendants moved to sever the claims based upon the religion of plaintiffs; the court granted the motions, and this new civil action was opened. (*See* D.I. 1, 2) As noted, plaintiffs opted to stand on the allegations in the original complaint. On November 26, 2013, defendants filed an answer to the complaint in Civ. No. 12-1120-SLR at D.I. 80. Defendants were ordered to advise the court if they stand on that answer in this severed case. (D.I. 14) Defendants replied that they do not and submitted the instant motion to dismiss in its place. (D.I. 16 at 1, n.1)

3. Plaintiffs generally allege in their complaint that the defendants violated the First Amendment, Fourteenth Amendment, and RLUIPA by refusing to provide halal diets, not providing Muslim inmates with the same religious privileges as Protestant inmates, restricting congregational prayer, and denying plaintiffs access to items related to their religious beliefs.[2] (D.I. 3) Plaintiffs allege that defendants Phelps, Knight, Senato, and Simmons "placed a substantial and unnecessary burden on the practice of the plaintiff[s'] religion when they denied plaintiffs['] request for a religious diet" in violation of both the RLUIPA and the Equal Protection Act. (*Id.* at 5 ¶ 1) Plaintiffs further allege defendants Phelps, Knight, Senato, Simmons, and Pennell violated plaintiffs' equal protection rights to partake in requisite holy days according to their Muslim faith, while allowing Protestant inmates to participate in theirs by "acknowledg[ing] but refus[ing] to allow plaintiffs within the Islamic and Catholic communities to worship, assemble, and celebrate their religious holy day – feasts, respectively." (*Id.* at 7) Plaintiffs also allege defendants "continuously belie and

---

[2] The court limited plaintiffs to counts 1-14 and 18 when plaintiffs were severed. (D.I. 3)

2

misunderstand the plaintiffs['] religious holy day, and thus label them as 'Banquets.'" (*Id.*)

4. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

3

308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

5. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

6. **Discussion**. Defendants allege that plaintiffs have not clearly identified how each named defendant personally violated either the Constitution or RLUIPA; i.e., plaintiffs' allegations "lump" together the activities of senior management, the middle management, the food service provider, and the chaplain staff. (D.I. 16) According to defendants, while each count includes the names of various defendants, the complaint as a whole fails to state with specificity how each defendant personally violated an established statutory or constitutional right.

7. The Third Circuit Court of Appeals has established a "heightened specificity requirement" for civil rights complaints. *Colburn v. Upper Darby Township.*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 109 S.Ct. 1338 (1989). Although *pro se* pleadings are to be construed under a less stringent standard than pleadings filed by attorneys, *Haines v. Kerner,* 404 U.S. 519 (1972), there remain certain pleadings

prerequisites with which all plaintiffs must comply when bringing a § 1983 action. This means that plaintiffs must identify "the particular conduct" of defendants that is alleged to have harmed the plaintiffs. *Freedman v. City of Allentown,* 853 F.2d 1111, 1114 (3d Cir. 1988). Plaintiffs must allege in their complaint "the specific conduct violating the plaintiff[s'] rights, the time and place of that conduct, and the identity of the responsible officials." *Colburn,* 838 F.2d at 666.

8. The court agrees that plaintiffs have failed to satisfy this requirement but for the claim directed at defendant Pierce and his enforcement of a prison regulation limiting each prisoner to three (3) books. According to plaintiffs, Pierce's enforcement of this regulation places a substantial burden on plaintiffs' exercise of their Muslim faith, because "[i]t is essential to receive guidance from the history of the Prophet" and "the most reliable and authentic teaching of the Prophet . . . are found in a collection of books." (D.I. 18 at 7)

9. Because dismissal of pro se complaints for pleading deficiencies is not favored by the Third Circuit, *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002), the court will deny defendants' motion to dismiss without prejudice to renew, and will grant their motion for a more definite statement. Plaintiffs shall file a single unified amended complaint executed by each individual plaintiff which sets forth with particularity the facts underlying their alleged rights. **The amended complaint must allege specific actions taken by each defendant, the date(s) of such actions, the bases for plaintiffs' claim(s) against each defendant, and the relief as requested.**

10. With respect to whether plaintiffs have sufficiently pled statutory or constitutional rights, the court will discuss in turn plaintiffs' claims regarding entitlement

to: (1) comparable religious holidays and services; (2) a halal diet;[3] and (3) religious necessities such as extra baths, additional bathing items, special clothing, razors, and CDs. As to the differences in religious holidays and services, plaintiffs must allege that they were similarly situated to Protestant inmates but treated differently by defendants. *Small v. Sec'y Pennsylvania Dep't of Corr.*, 592 F. App'x 62, 64 (3d Cir. 2014). In *Small,* the Third Circuit specifically noted that "[t]he two Jewish fasting days Small identified are not comparable to Ramadan" based on the number of fasting days, logistical challenges, and communal feasts. *Id.* The court held "inmates seeking to participate in Ramadan are not similarly situated to inmates seeking to participate in the Jewish fasting days, and the prison did not violate the Equal Protection Clause by treating such inmates differently." *Id.* In the instant action, plaintiffs (in their responsive brief) allege the "denial of individual and group prayer," "denial of the call to prayer," "denial of religious services", and "denial of the religious feast." These allegations are not sufficient for the court to discern how plaintiffs are being treated differently. Consistent with the above, plaintiffs shall be required to describe with specificity the defendants and their conduct in relation to this claim.

---

[3] "Halal is an Arabic word, meaning lawful, and is the Islamic dietary law that identifies food permitted for Muslims. . . . For meat and poultry to be Halal, it must be slaughtered according to Islamic guidelines, with prayers said to God (Allah) during the process. . . . Alcohol and pork products are NOT permitted including pork lard, ham and bacon. For processed foods to be Halal, they must be free of alcohol and pork, and must not have come into contact with either of them during the manufacturing process. . . . Halal food cannot touch or be contaminated in the storage or preparation process with meat that has not been slaughtered in accordance with Islamic law."
*What does Halal Mean?*, HALAL RESEARCH COUNCIL, http://halalrc.org/images/Research%20Material/Literature/What%20does%20Halal%20mean.pdf (last visited June 15, 2016).

11. With respect to whether plaintiffs have sufficiently pled a statutory or constitutional right to a halal diet, the Third Circuit requires plaintiffs claiming a violation of their First Amendment rights to religious freedom to demonstrate that defendants' conduct has placed a substantial burden on plaintiffs' ability to practice their religious beliefs. In this regard, the Third Circuit holds a substantial burden is established when: (1) the follower must decide between following his religious beliefs and foregoing benefits given to other inmates versus abandoning his beliefs to retain those benefits; or (2) there is substantial pressure placed on the follower to "substantially modify his behavior and to violate his beliefs." *Ford v. Bureau of Prisons*, 570 F. App'x 246, 250 (3d Cir. 2014). According to the Third Circuit, the lack of meal variety, when the available meal meets the religious requirements, does not create a substantial burden as it does not cause a prisoner to violate his beliefs. *Kretchmar v. Beard,* 241 F. App's 863, 865 (3d Cir. 2007); *see also Williams v. Morton*, 343 F.3d 212, 217 (3d Cir. 2003) (holding a prison may offer vegetarian meals in lieu of halal meat diets in the interests of simplified food service, security, and cost); *Washington v. Klem*, 497 F.3d 272, 283 (3d Cir. 2007).

12. The facts as alleged indicate that, while the available vegetarian diet complies with plaintiffs' religious requirements, "Muslims are not vegetarians" and, therefore, "to compel the plaintiffs to accept a diet that alters the tenets of their faith creates a substantial burden." (D.I. 18 at 4) Apparently, a kosher diet is more compatible with the requested halal diet than is a vegetarian diet, but the kosher diet has been denied to Muslim prisoners. (D.I. 3 at ¶ 7) Given the holding of the Third Circuit in *Williams v. Morton*, 343 F.3d at 217, the court declines to dismiss this claim

7

without input from defendants to determine the competing interests of plaintiffs' religious beliefs and the "simplified food service, security and costs" associated with providing kosher meals in lieu of either vegetarian or halal meat diets. Consistent with the above, plaintiffs shall be required to describe with specificity the defendants and their conduct in relation to this claim.

13. With respect to the remainder of plaintiffs' claims for extra amenities, plaintiffs have failed to allege how the lack of such amenities places a substantial burden on their ability to practice their Muslim faith (especially in light of the prison setting). Plaintiffs shall also be required to describe with specificity the defendants and their conduct in relation to these claims.

14. Turning to defendants' motion to dismiss based on qualified immunity, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Newland v. Reehorst, 328 F. App. 788, 791 n. 3 (3d Cir 2009) (unpublished). Based on the record, full analysis of whether qualified immunity applies is premature because there are unresolved questions of fact relevant to the analysis. Therefore, the court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to defendants' ability to renew.

15. **Conclusion.** For the above reasons, the court will deny defendants' motion to dismiss for failure to state a claim and on the grounds of qualified immunity (D.I. 16). The court requires plaintiffs to file an amended complaint by **July 30, 2016** as set forth in this memorandum to avoid dismissal of the case. A separate order shall issue.

_____
United States District Judge